**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVID MEAD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-1597 (RWR)** |
| ) | |
| **CITY FIRST BANK OF DC, N.A.,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM ORDER**

In his original complaint, plaintiff David Mead brought claims against defendant City First Bank of DC alleging fraud and unconscionability regarding loan arrangements between the parties. Mead has filed a motion for leave to amend the complaint to add additional claims and defendants. Among other pending motions are the defendant's motion for partial summary judgment, the defendant's motion for an entry of default, the plaintiff's motion for an extension of time to file an answer to the defendant's counterclaim, and the plaintiff's motion for an CM/ECF password.

A plaintiff is allowed to amend his complaint after an answer has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may

-2-

be a proper subject of relief, he ought to be afforded an
opportunity to test his claim on the merits." <u>Foman v. Davis</u>,
371 U.S. 178, 182 (1962).  Undue delay, undue prejudice to the
defendant, or futility of the proposed amendments are factors
that may warrant denying leave to amend.  <u>Atchinson v. District
of Columbia</u>, 73 F.3d 418, 425 (D.C. Cir. 1996).  The defendant
has the burden of showing why leave to file an amended complaint
should not be granted.  <u>LaPrade v. Abramson</u>, Civil Action No.
97-10 (RWR), 2006 WL 3469532, at *3 (D.D.C. Nov. 29, 2006).  The
decision to grant or deny leave to amend is committed to the
sound discretion of the district court.  <u>Foman</u>, 371 U.S. at 182;
<u>James Madison Ltd. v. Ludwig</u>, 82 F.3d 1085, 1099 (D.C. Cir.
1996).

     The proposed first amended complaint asserts seven claims
against multiple defendants, including several defendants whose
citizenship is not diverse to Mead's.  Mead contends that
jurisdiction over his amended complaint is proper under 28 U.S.C.
§ 1331 because Count Two of the amended complaint alleges a
federal question under 12 U.S.C. §§ 3403 and 3417, which provide
that a financial institution is liable for damages if it
"provide[s] to any Government authority access to or copies of,
or information contained in, the financial records of any
customer except in accordance with the provisions of [chapter 35

-3-

of Title 12 of the United States Code.]"[1]  City Bank opposes
Mead's motion for leave to amend the complaint, arguing that
granting leave to amend the complaint would be futile because
federal question jurisdiction is not present in the amended
complaint and the presence of nondiverse defendants in the
amended complaint defeats diversity jurisdiction under 28 U.S.C.
§ 1332.  In addition, City Bank contends that Mead has failed to
state claims in Counts One and Five and that no claims have been
stated against proposed defendants CF Bank Corp. and Central
Fidelity Corp.

A defendant bears the burden to show futility, while a
plaintiff bears the burden to establish the court's jurisdiction
over his case.  See Steel Co. v. Citizens for a Better Env't,
523 U.S. 83, 103 (1998) ("The party invoking federal jurisdiction
bears the burden of establishing its existence.").  Although the
defendant contends that "[n]o action alleged to have been taken
violates" the federal statutes cited in Count Two,
"[j]urisdiction . . . is not defeated . . . by the possibility
that the averments might fail to state a cause of action on which

---

[1]Mead also suggests that federal question jurisdiction may
be invoked here under 28 U.S.C. § 2201, Federal Rules of Civil
Procedure 54, 57, and 58, and the Seventh Amendment.  None of
these sources is a federal law under which his civil action
arises and they cannot establish this court's jurisdiction under
28 U.S.C. § 1331.  Count Six seeking a declaratory judgment
regarding state law claims does not establish federal question
jurisdiction, and his amended complaint asserts no claim arising
out of the Seventh Amendment or the federal rules.

-4-

[a plaintiff] could actually recover.  For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."  <u>Bell v. Hood</u>, 327 U.S. 678, 682 (1946).  It is not true that the amended complaint does not allege a violation of a federal statute and allege facts in support of that allegation.  Thus, City Bank has not shown that there is no basis for this court's jurisdiction, and has not carried its burden of establishing that granting leave to amend the complaint would be futile.[2]

Accordingly, it is hereby

ORDERED that the plaintiff's motion for leave to amend the complaint [9] be, and hereby is, GRANTED.  Because this order addresses whether the defendant has sustained its burden of showing futility but does not determine whether the plaintiff has carried his burden of establishing the court's jurisdiction over all of his claims, it is further

ORDERED that Mead shall file by March 26, 2009 a memorandum establishing this court's subject matter jurisdiction, and all defendants on whom process has been served by that date shall respond by April 6, 2009.  It is further

---

[2]Similarly, City Bank's challenges to adding particular counts and defendants do not show futility of the entire amendment, and any such defects can be raised and cured by appropriate motion.

-5-

ORDERED that the defendant's motion for partial summary judgment [4] be, and hereby is, DENIED WITHOUT PREJUDICE in light of the amended complaint.  It is further

ORDERED that the defendant's motion [12] for an entry of default and the plaintiff's motion [16] for an extension of time to file an answer to the defendant's counterclaim be, and hereby are, DENIED AS MOOT.  It is further

ORDERED that the plaintiff's motion [25] for a CM/ECF password be, and hereby is, DENIED WITHOUT PREJUDICE for failure to support his motion with the information required by Local Civil Rule 5.4(b)(2).

SIGNED this 5th day of March, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge