```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

_____
                              )
DAVID MEAD,                   )
                              )
    Plaintiff,                )
                              )
    v.                        )    Civil Action No. 08-1597 (RWR)
                              )
CITY FIRST BANK OF DC, N.A.,  )
<u>et</u> <u>al</u>.,                     )
                              )
    Defendants.               )
_____)

## MEMORANDUM OPINION

Plaintiff David Mead brings his seven-count amended complaint against nondiverse defendants under 28 U.S.C. § 1331, contending that Count II alleges a federal question under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3403 and 3417.  Defendant City First Bank of DC has moved to dismiss Count II under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Because Mead has raised a federal question, but has not stated a valid claim under the RFPA, the defendant's motion to dismiss Count II under Rule 12(b)(6) for failure to state a claim will be granted and the court will decline to exercise supplemental jurisdiction over Mead's remaining state law claims.

## BACKGROUND

Mead brings his seven-count amended complaint against City First Bank of DC and other nondiverse defendants in the district court asserting that the court has federal question jurisdiction over his amended complaint under 28 U.S.C. § 1331[1] because Count II of the amended complaint alleges a violation of the RFPA. Count II contends that City First and other defendants unlawfully disclosed information contained in Mead's financial records to third parties, including the district court, in violation of 12 U.S.C. § 3403.  The remaining six counts of the amended complaint are brought under District of Columbia statutory and common law. Count I of the amended complaint alleges violations of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 et seq.  Counts III-VII allege claims of unconscionability, fraud, tortious interference, breach of contract, quiet title, and unjust enrichment arising out of loan arrangements between the parties.  City First has moved to dismiss Count II under Rules 12(b)(1) and 12(b)(6), and requests that the court decline to exercise supplemental jurisdiction over Mead's remaining state law claims.

---

[1] Under 28 U.S.C. § 1331, "the district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

## DISCUSSION

I.   COUNT TWO: RFPA VIOLATION

Count II alleges that the defendants violated the RFPA by unlawfully disclosing information contained in Mead's financial records in violation of 12 U.S.C. § 3403.  Under § 3403, "[n]o financial institution, or officer, employees, or agent of a financial institution, may provide <u>to any Government authority</u> access to or copies of, or the information contained in, the financial records of any customer except in accordance with" the other provisions of the RFPA.  12 U.S.C. § 3403(a) (emphasis added).  The RFPA defines a "government authority" as "any agency or department of the United States, or any officer, employee, or agent thereof[.]"  12 U.S.C. § 3401(3).  City First alleges that Count II should be dismissed under either Rule 12(b)(1) for lack of subject matter jurisdiction or Rule 12(b)(6) for failure to state a claim because Mead has not alleged a disclosure to a government authority.

A.   <u>Federal question jurisdiction</u>

City First contends that by failing to allege disclosure to a government authority, Mead has failed to allege sufficient jurisdictional facts to support federal question jurisdiction under 28 U.S.C. § 1331.  The Supreme Court, in explaining the "subject-matter jurisdiction/ingredient-of-the-claim-for-relief dichotomy," has cautioned against treating an element of a claim

as jurisdictional when the required element "appears in a separate provision [of the statute] that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 511, 515 (2006) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982)).

The RFPA's jurisdictional provision provides only that "[a]n action to enforce any provision of [the statute] may be brought in any appropriate United States district court without regard to the amount in controversy within three years from the date on which the violation occurs or the date of discovery of such violation, whichever is later." 12 U.S.C. § 3416. In Doe v. Board on Professional Responsibility of the District of Columbia Court of Appeals, 717 F.2d 1424 (D.C. Cir. 1983), the D.C. Circuit, noting the RFPA's "general grant of jurisdiction," held that Doe's claim alleging that the Board of Professional Responsibility violated the RFPA was "sufficiently substantial to support the district court's assertion of federal question jurisdiction." Id. at 1427. The court instead determined that whether the Board fell under the RFPA's definition of government authority was a question going to the merits of Doe's complaint. See id. As in Doe, Mead's claim alleging that City First disclosed his financial information without complying the RFPA raises a federal question sufficient to support jurisdiction

-5-

under 28 U.S.C. § 1331.  The defendant's argument -- that Mead has failed to state a claim because he has not alleged disclosure to a government authority -- goes to the merits of Mead's claim, rather than the court's jurisdiction.

    B.   <u>Failure to state a claim</u>

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  <u>See</u> Fed. R. Civ. P. 12(b)(6).  "On review of a 12(b)(6) motion a court 'must treat the complaint's factual allegations as true . . . and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged.'"  <u>Holy Land Found. for Relief & Dev. v. Ashcroft</u>, 333 F.3d 156, 165 (D.C. Cir. 2003) (quoting <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1113 (D.C. Cir. 2000)).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true . . . ."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 545, 555 (2007).

In Count II of the amended complaint, Mead alleges the defendants made numerous unlawful disclosures of information contained in his financial records.  (<u>See</u> Am. Compl. at 21-25.) However, the only alleged disclosures of information contained in Mead's bank records <u>to a government entity</u> are statements made by City First's lawyer to the district court during a hearing on Mead's motion for a temporary restraining order filed in this

-6-

action.[2]  Under Doe, the judiciary is not an entity included within the RFPA's definition of a government authority.  See 717 F.2d at 1427 (holding that the RFPA did not apply to the D.C. Court of Appeals); see also McDonough v. Widnall, 891 F. Supp. 1439, 1447 (D. Colo. 1995) (noting that the RFPA was passed "as a compromise between a 'bank customer's right of financial privacy and the need of law enforcement agencies to obtain financial records pursuant to legitimate investigations[,]'" and that "[t]he RFPA requires federal agencies 'to follow the procedures established by [the RFPA] when they seek an individual's records'" (quoting United States v. Frazin, 780 F.2d 1461, 1465 (9th Cir. 1986) and H.R. Rep. No. 1383, 95th Cong., 2d Sess. 33 (1978))); Young v. United States, No. 87 CIV. 8307 (JFK), 1988 WL 131302, at *5 (S.D.N.Y. Nov. 28, 1988) (concluding that "the judicial branch is not included in the definition of 'Government authority'").  Because the RFPA does not apply to disclosures made to the judiciary, Mead's allegation that the defendants disclosed information from his bank records to the district court does not state a claim entitling him to relief under the RFPA.

---

[2] Mead also alleges that the defendants made several other disclosures of information contained in Mead's bank records to private parties.  Because RFPA applies only to disclosures made to a government authority, see 12 U.S.C. § 3403, Mead's allegations that the defendants made disclosures of his financial records to private parties do not state claims under the RFPA.

-7-

Accordingly, Count II will be dismissed under Rule 12(b)(6) for failure to state a claim.

II. SUPPLEMENTAL JURISDICTION

The remaining six counts of the amended complaint allege only state law claims against nondiverse defendants.  Under 28 U.S.C. § 1367, a court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); see 13D C. Wright, A. Miller, E. Cooper & R. Freer, Federal Practice & Procedure § 3567.3 (3d ed. 2008) (noting that courts apply a presumption that supplemental jurisdiction should be declined if all federal claims are dismissed before trial because "ordinarily the court and litigants will have invested little effort on litigating the supplemental claims").  To date, the parties have yet to engage in any discovery.  Having dismissed the sole federal claim alleged before discovery has begun, the court declines to exercise supplemental jurisdiction over the remaining counts of the amended complaint.  Accordingly, Counts I and III-VII of the amended complaint will be dismissed without prejudice.

## CONCLUSION

Because Mead has failed to state a claim under the RFPA, Count II of his amended complaint will be dismissed.  Because the remaining six counts in the amended complaint allege only state

-8-

law claims against nondiverse defendants, the court will decline to exercise supplemental jurisdiction and will dismiss the remaining counts in Mead's amended complaint without prejudice.[3] A final, appealable order accompanies this Memorandum Opinion.

SIGNED this 20th day of May, 2009.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```

---

[3] Under these circumstances, City First Bank of DC has consented to having its counterclaim dismissed without prejudice. (See Def.'s Response to Ct. Order at 1 n.1.)